**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-31233
_____


JAMES D TUFTS, II; ET AL.

Plaintiffs

JAMES D. TUFTS, II; J DAVID TUFTS, III

Plaintiffs-Appellants

versus

COUNCIL OF LLOYD'S; THE COMMITTEE OF LLOYD'S;

Intervenors-Appellees

THE WHITNEY NATIONAL BANK; NATIONAL WESTMINISTER BANK PLC

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
(92-CV-2645-C)
November 10, 1997

Before EMILIO M. GARZA, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

J. David Tufts, III and the Estate of James D. Tufts, II (collectively "Tufts") appeal from the district court's dismissal of their suit against the Whitney National Bank of New Orleans

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Whitney") and National Westminster Bank PLC ("NatWest") and their counter-claims against intervenors Council of Lloyd's and Committee of Lloyd's (collectively "Lloyd's").

In its order of March 31, 1995, the district court correctly noted that as long as the forum selection clause agreed to by Tufts and Lloyd's remains valid, Tufts' argument that Lloyd's has waived the clause by intervening in the instant case has no merit.  *See M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-20, 92 S.Ct. 1907, 1917-1918, 32 L.Ed.2d 513 (1972) (holding that an otherwise valid forum selection clause is not waived when one party finds it necessary to intervene defensively in an action brought in contravention of that clause).  In addition, the district court correctly found that res judicata bars the parties from re-litigating the issue of the validity of the forum selection clause after that issue was finally decided by *Roby v. Corporation of Lloyd's*, 824 F.Supp. 336 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 1353 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993).  *See also Tufts v. Corporation of Lloyd's*, No. 95-CIV-3480(JFK), 1996 WL 533639, at *7 (S.D.N.Y. Sept. 19, 1996) (denying motion under FED. R. CIV. PROC. 60(b) for relief from the judgment in *Roby*, *supra*).  Accordingly, we affirm the district court's dismissal of Tufts' counter-claims against Lloyd's for substantially the same reasons set out by the district court in its order of March 31, 1995.

As for Tufts' original complaint against Whitney and NatWest, that suit requested only that the court issue an injunction barring

either bank from honoring Lloyd's threatened requests to draw down on the letters of credit which Tufts claimed were fraudulently obtained.  In light of the fact that both banks already have honored Lloyd's request and drawn down the accounts, these claims against Whitney and NatWest are now moot.  *See Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) ("The mootness doctrine requires that the  controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process.").

AFFIRMED.